**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ZIAULHAQ SHINWARI )<br>　　　Petitioner )<br>v. )<br>　　　　　　　　　　　　　　　　　 )<br>PATRICIA HYDE, Field Office Director; )<br>JOSEPH MCDONALD JR., Sheriff of Plymouth )<br>County; MICHAEL KROL, HSI New England Special )<br>Agent in Charge; TODD LYONS, Acting )<br>Director U.S. Immigrations and Customs )<br>Enforcement; and KRISTI NOEM, U.S. Secretary )<br>of Homeland Security, )<br>　　　Respondents ) | Civil Action No 12-12021 |

# PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR EMERGENCY INJUNCTIVE RELIEF

## INTRODUCTION

The Petitioner, Ziaulhaq Shinwari, is in federal custody and, on information and belief, is currently detained by U.S. Immigration and Customs Enforcement (ICE) in Plymouth, Massachusetts. He has been held in custody since July 16, 2025. Petitioner has informed his attorney that he has been issued an Order for Expedited Removal. It is his belief that ICE plans to move him to a remote detention facility and then peremptorily deport him. Petitioner served as an interpreter for U.S. troops in Afghanistan from approximately 2006 – 2007. When the Taliban seized control of Afghanistan in 2021, the Petitioner fled for his

life. He crossed into Pakistan and later applied for Chief of Mission approval, the first step towards obtaining a Special Immigrant Visa and emigrate to safety in the U.S. Around the same time, Petitioner's brother, already an SIV living in CT, USA, filed an I-131 petition for humanitarian parole on his behalf, Form I-131 petitions permit individuals who face targeted or individualized harm (as determined in its discretion by USCIS) to come temporarily to the U.S. The I-131 petition for Petitioner was approved by USCIS because USCIS believed he faced great risk of harm in his home country. Petitioner was issued a PARCIS visa (an amalgamation of "Parole" and "USCIS" indicating that the parole was approved by USCIS). **(See Exhibit B)** Additionally, the U.S. Department of State issued Petitioner a boarding foil (in lieu of the passport that he was unable to obtain in his haste to flee Afghanistan) to facilitate travel to the U.S. **(See Exhibit B)** With these documents in hand, Petitioner, his wife, and their five children flew to the U.S. were paroled by CBP into the U.S. on October 8, 2024, for a period of 2 years. **(See Exhibits A & C)**

Once in the U.S., Petitioner quickly obtained housing and full-time work in Cheshire, CT, where his children (ranging from age seven

to age eighteen) attend school. Petitioner's wife is a homemaker and is illiterate, having not been permitted to attend school in Afghanistan. Petitioner is the family's sole means of support.  Petitioner has not left the U.S. since entering as a parolee. He has done nothing to violate the terms of his parole. Nor has his parole been revoked. On June 25, 2025, Petitioner submitted a Form I-485 application to USCIS to adjust status based on the Chief of Mission Approval that he received for serving as an interpreter for the U.S. military in Afghanistan. **(See Exhibits A & D)** Pursuant to his green card application, Petitioner was scheduled to be fingerprinted at a biometrics facility in East Hartford, CT, on July 16, 2025. Upon emerging from the facility, he was surrounded by masked ICE agents and forced into an unmarked van.

Petitioner seeks an emergency order preventing the Respondents from moving him to a facility outside Massachusetts. The Plymouth Correctional Center is the closest immigration detention facility to Petitioner's home and family (there are no immigration detention facilities in Connecticut). Additionally, Petitioner seeks nullification of the Order of Expedited Removal, because he entered the U.S. lawfully, with documents issued to him by the U.S. government, and is today in a

lawful status. Further, he is able to adjust status immediately, making this bid for removal an exercise in wasting government resources.

## JURISDICTION

1. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

3. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

4. Venue is proper because Petitioner is detained by ICE in Plymouth, MA. A substantial part of the events or omissions giving rise to his claims occurred in this District.

## PARTIES AND FACTS ALLEGED

5. The Petitioner, **Ziaulhaq Shinwari**, is a native and citizen of Afghanistan who legally entered the United States approximately 10 months ago. He has remained in this country since then. Prior to his

detention, he resided in Cheshire, Connecticut. He has a wife and five children.

6.  Respondent, **Patricia Hyde**, is the New England Field Office Director for U.S. Immigration and Customs Enforcement which is the agency that apprehended and detained the Petitioner. The Respondent's principal place of business is located in Burlington, MA where, on information and belief, the Petitioner was initially detained.

7.  Respondent, **Joseph McDonald, Jr.**, is the Sheriff of Plymouth County, the facility where the Petitioner is currently detained. The Plymouth County House of Corrections is located at 26 Long Pond Road, Plymouth, MA.

8.  Respondent, **Michael Krol,** is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

9.  Respondent, **Todd Lyons,** is the Acting Director for U.S. Immigration and Customs Enforcement.

10.  Respondent, **Kristi Noem,** is the U.S. Secretary of Homeland Security.

11.  All respondents are named in their official capacities.

12.    Petitioner is currently in the custody of the Respondents and one of the Respondents is his immediate custodian.

13.    On information and belief, the Petitioner was detained without cause by U.S. Immigration and Customs Enforcement agents on July 16, 2025. Although he is currently detained by the Respondents, he has communicated to his attorney that he has been issued an Order of Expedited Removal and expects to be transferred to a remote facility, far from Connecticut and Massachusetts, and then deported. The Respondents have not initiated removal proceedings against the Petitioner which is preventing him from seeking release from custody on bond. Relocating the Petitioner to a facility outside Massachusetts will cause him and his six dependents irreparable harm. He is currently eligible for permanent residence in the United States based on his service to U.S. troops in Afghanistan, and he has already applied for this status pursuant to 8 CFR § 245.1

## CLAIM FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

13.    On information and belief, Petitioner is currently being detained by federal agents without cause and in violation of his constitutional rights to due process of law. The Petitioner cannot seek release from custody on bond because the Respondents have not initiated removal proceedings. On information and belief the Petitioner will be moved to another facility outside of Massachusetts immediately which will deny him access to his attorney and his family.

14.    The Petitioner cannot be removed under an Order for Expedited Removal because he neither entered the U.S. illegally (under INA 212(a)(6), aliens are inadmissible if present without admission *or parole*) nor entered without documents (under INA 212(a)(7), aliens are inadmissible if not in possession of a valid entry document). Petitioner was paroled into the U.S. by virtue of a valid, unexpired entry document issued to him by the U.S. government at the U.S. Embassy in Islamabad, Pakistan.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

a.    Assume jurisdiction over this matter;

b.    Order, on an emergency basis, that Petitioner shall not be transferred outside the District of Massachusetts until further notice from this Court;

c.    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

d.    Declare that the Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

e.    Declare that the Order for Expedited Removal is null and void as a matter of law;

f.    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately; and

g.    Grant any further relief this Court deems just and proper.

Respectfully submitted,
ZIAULHAQ SHINWARI

By his attorney,


/s/ Michael A. Nam-Krane
Michael A. Nam-Krane (BBO #636003 )
PO BOX 301218
Boston, MA 02130
Phone 617.699.4121
Fax: 617.344.3099
michael@bostonjustice.net

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ZIAULHAQ SHINWARI

**DEFENDANTS**

Joseph McDonald Jr, Patricia Hyde, Michael Krol, Todd
~~Lyons, Kristi Noem~~ ⊞

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Nam-Krane, PO BOX 301218 Boston, MA
02130, 617.699.4121 ⊞

Attorneys *(If Known)*

Mark Sauter or Ray Farquhar AUSA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2241

Brief description of cause:
Petition to secure release of asylum seeker from ICE detention

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
7/17/25

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) ZIAULHAQ SHINWARI v. Patricia Hyde et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ☐ I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐ II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    ☑ III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

    *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    NA

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☑    NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?

    Eastern Division ☑    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division ☐    Central Division ☐    Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Michael A. Nam-Krane

ADDRESS  PO BOX 301218 Boston, MA 02130

TELEPHONE NO.  617.699.4121

(CategoryForm11-2020.wpd )