**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ZIAULHAQ SHINWARI,

               Petitioner,

      v.                              Civil Action No.  1:25-cv-12021

PATRICIA HYDE, Field Office Director
               Respondent.

**DECLARATION OF ACTING DEPUTY FIELD OFFICE DIRECTOR JOHN CHARPENTIER**

Pursuant to the authority of 28 U.S.C. § 1746, I, John Charpentier, acting Deputy Field Office Director for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, Burlington, Massachusetts declare as follows:

1. I am a currently serving as an acting Deputy Field Office Director ("(a)DFOD") for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, ("ICE") Enforcement and Removal Operations ("ERO").

2. Included in my official duties as an acting DFOD in Burlington, Massachusetts is supervising the Assistant Field Office Director(s) responsible for managing, monitoring, scheduling and execution of removal orders for aliens in ICE custody.  ERO in Hartford Connecticut, is a sub office of ERO Boston, and under my supervision.   I am familiar

1

with ICE policies and procedures for detaining aliens in order to initiate removal from the United States or to effectuate removal orders.

3.  I have experience utilizing ICE record systems to obtain information regarding specific aliens. ICE maintains electronic and paper records on noncitizens. These records are made in the course of regularly conducted business activity at or near the time of relevant events by a person with knowledge of these events. In preparing this declaration, I have examined ICE official records, not limited to, but including the Enforce Alien Removal Module ("EARM"). EARM is an ICE electronic database utilized by ERO to maintain information regarding the custody and removal status of aliens. EARM is an electronic database ordinarily relied upon to ascertain an alien's immigration history, current case status, and plans for removal, if any.

4.  In preparing this declaration, I have examined the official records available to me regarding Ziaulhaq Shinwari. ("Petitioner"). The Petitioner's case was assigned to a Deportation Officer in my office that falls under my chain of command. I have also discussed this case internally with Officers within my office.

5.  Petitioner last entered ICE custody on July 16, 2025. He is currently in ICE custody pursuant to 8 U.S.C. §1225(b)(1) and is currently housed at Plymouth County House of Corrections in Plymouth Massachusetts.

6.  The following information is a brief summary of the Petitioner's immigration history and current removal status.

**<u>IMMIGRATION HISTORY</u>**

7.  The Petitioner is not a citizen or national of the United States. Petitioner is a native and

citizen of Afghanistan.

8. On or about September 11, 2024, United States Citizenship and Immigration Services ("USCIS") granted the Petitioner's form I-131 Application for Advance Parole.

9. On or about October 8, 2024, the Petitioner was paroled into the United States by United States Customs and Border Protection at J.F.K airport in New York for a period of two years.

10. On or about May 24, 2025, ERO Hartford, as part of a Joint Terrorism Task Force working with other U.S. law enforcement agencies, received information from the Federal Bureau of Investigations that indicated the Petitioner is a risk to the national security of the United States.  Based upon this information ERO Hartford began reviewing Petitioner's immigration status in an effort to determine whether termination of parole and initiation of proceedings to remove Petitioner from the United States was appropriate.

11. On July 16, 2025, the Petitioner was arrested and detained by ICE based upon ICE's determination that the continued presence of the Petitioner in the United States was not in the public's benefit.

12. On July 16, 2025, the Petitioner was served an I-860 Notice and Order of Expedited Removal.  The form I-860 charges Petitioner as inadmissible to the United States under 8 U.S.C. §1182(a)(7)(A)(i)(I)- in that he does not possess a valid entry document. Petitioner claimed a fear of return to his home country, and he has been referred for a credible fear interview with USCIS.

13. On July 24, 2025, I issued a letter to the Petitioner notifying him that his parole was terminated because it was determined that neither humanitarian reasons nor the public benefit warrants Petitioner's continued parole.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed on the 25th of July 2025.

J 7484  Charpentier
(A)Deputy Field Office Director - DFOD

Digitally signed by J 7484
Charpentier
Date: 2025.07.25 15:55:45
-04'00'

John Charpentier
Acting Deputy Field Office Director
U.S. Department of Homeland Security
United States Immigration and Customs Enforcement
Burlington, Massachusetts