UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIAULHAQ SHINWARI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     Civil No. 25-12021-LTS |
| | ) |
| PATRICIA HYDE et al., | ) |
| | ) |
| Respondents. | ) |

ORDER ON MOTION FOR RECONSIDERATION (DOC. NO. 38)

October 20, 2025

SOROKIN, J.

    On October 3, 2025, this Court entered an Order allowing in part an amended petition for a writ of habeas corpus filed by Ziaulhaq Shinwari, a citizen of Afghanistan who had been in immigration detention for more than ten weeks. Doc. No. 37. After the respondents complied with the Court's Order by providing Shinwari a bond hearing, they filed a motion seeking reconsideration of the Order due to "strong improprieties with" it. Doc. No. 38 at 1 n.1, 7, 8. The motion is DENIED. The respondents essentially identify four "prejudicial errors" they believe warrant reconsideration. Id. at 2–7. The Court will briefly address each in turn, though not in the order the respondents presented them.

    First, the respondents accuse the Court of "ruling on the merits of a proposed amended habeas petition that the Court had not yet granted leave for [Shinwari] to file." Id. at 2. Not so. The respondents—not the Court—have "incorrectly described the procedural posture of the case." Id. Shinwari moved to amend his petition on August 21, 2025. Doc. No. 19. He included as an exhibit the amended pleading he proposed. Doc. No. 19-2. The next day, the

Court entered an electronic order allowing the motion to amend—i.e., granting Shinwari leave to move forward in this action on the basis of the amended pleading.  See Doc. No. 21 (stating unambiguously that motion was "ALLOWED").  That ruling was accompanied by a second electronic order, which reiterated that the Court had issued an "order today" that "permitted [the] filing" of the amended petition, and then directed the respondents to "answer the Amended Petition by September 3, 2025."  Doc. No. 22.

These events make plain that, when the Court ruled on October 3, it did so based on the operative pleading—the amended petition proposed by Shinwari on August 21, which amendment the Court had allowed the next day.[1]  The Court did not rule on a proposed amendment.  To the extent the respondents seek reconsideration based on their different (and decidedly incorrect) recitation of the events described in this paragraph, their motion is DENIED.

Second, the respondents complain that the Court referenced certain documents that the respondents produced concerning Shinwari's immigration status and arrest.  Doc. No. 38 at 5–6.  They characterize one document—which the Court cited in a footnote, but upon which the Court did not materially rely in reaching its decision—as containing "what appears to be one ICE officer selecting the wrong pre-filled dropdown menu option on one form."  Id. at 5.  Of course, the respondents offer no affidavit asserting this fact, nor any other support for this apparent speculation, which cannot alone justify reconsideration (especially where the document at issue

---

[1] At no time after the Court's electronic orders allowing the amendment and setting an answer deadline did the respondents object to those rulings by the Court, request reconsideration of them, or otherwise seek an opportunity to brief issues raised by the motion to amend.  Even now, in the pending motion, the respondents have not asked the Court to reconsider its ruling allowing the amendment, nor have they included in their motion any argument that Shinwari should have been precluded from even putting before the Court revised claims.

was not outcome-determinative).  As for an arrest warrant, which does factor more directly into the relevant analysis, the respondents inaccurately describe the facts and cite no law to support their claim that the warrant "cannot be relied on to support a view of detention authority one way or the other."  Id. at 6.  The warrant is dated months before Shinwari's arrest (and before the expedited removal order the respondents inaccurately suggest issued "contemporaneously" with the warrant).  Compare Doc. No. 34-2 at 92–93 (warrant dated May 24, 2025, but not served until July 16, 2025), with id. at 89–90 (expedited removal order dated and served on July 16, 2025).  This Court and various others have found the issuance of a warrant invoking 8 U.S.C. § 1226 to be a material fact bearing on which detention statute applies to an immigration detainee, as cases cited in the October 3 Order make plain.

The respondents have not established that anything about the Court's consideration of their own documents—prepared by their agents and submitted by their counsel, without any supplemental declarations providing context, correction, or explanation, and without any suggestion (before now) that such context, correction, or explanation was necessary—is a basis for reconsideration.[2]  As to this issue, then, the motion is DENIED.

Third, the respondents challenge "the Court's determination that [Shinwari] developed due process rights . . . during his time working for the U.S. military in Afghanistan."  Doc. No. 38 at 6.  The Court made no such determination.  This argument arises from the following observation the Court made in the margin of its order: "The seeds of Shinwari's connection to

---

[2] If the respondents' counsel thought the documents they filed required factual context, correction, or explanation or further briefing, they could have either submitted such additional material with the documents or simultaneously requested permission to do so.  They did neither. Indeed, even now, the respondents offer no affidavits to explain the factual basis for their assertions of error in creation of some of the documents, nor any citation to authorities supporting the legal conclusions they ascribe to the various documents.

the United States were arguably planted decades ago, when he spent years assisting American troops stationed in his home country." Doc. No. 37 at 6 n.6. No reasonable lawyer could view this language—contained in a footnote, featuring an adverb ("arguably") that suggests possibility and not certainty, and following a string of sentences in the text that spell out the ways Shinwari established connections to the United States during the nine months he spent living here with his family—as a "finding" that Shinwari "accrue[d] dormant constitutional rights from abroad." Doc. No. 38 at 7.

To be clear, the Court neither made nor relied on such a finding. Rather, it noted (as an aside) an additional fact (Shinwari's years as a military interpreter) that supplies further context for the meaningful connections Shinwari developed after he (and his wife, and all five of his children) traveled (lawfully) to the United States. Insofar as the respondents seek reconsideration based on this footnote, the motion is DENIED.

<u>Finally</u>, the respondents suggest they "had no opportunity to properly argue why [Shinwari] was . . . not entitled to a bond hearing," and to develop "one of [the] core arguments" they made at the September 25, 2025, status conference to distinguish this case from others the Court has recently decided. Doc. No. 38 at 3. The respondents' own submissions in this case belie this assertion. The Court did rule on the amended petition without first receiving an amended answer from the respondents. But the Court in large measure <u>denied</u> the amended petition, and no prejudice arises from its ruling. To the extent the Court allowed the amended petition (on Shinwari's Due Process claim alone), it granted narrower relief than the immediate release Shinwari sought, based on a finding that he could not legally be detained under 8 U.S.C. § 1225 and denied a bond hearing. As to that issue, the respondents filed a twenty-page memorandum answering the original petition that included argument concerning the very topics

they now suggest the Court precluded them from addressing.  See Doc. No. 8 at 8–15; see also Doc. No. 38 at 6 (citing respondents' own prior memorandum to support legal argument advanced in motion to reconsider).

At no point during the hour-long status conference, at which the Court parried with the respondents' counsel about the same legal questions, did any of the lawyers representing the respondents request an opportunity to further brief the issues in writing.[3]  Nor did they offer such briefing, or request time to prepare and file it, when they submitted the various records the Court had directed them to produce the following week.  Even now, they have not supported their motion to reconsider with a proposed memorandum of law developing the arguments they say they have been unable to make.[4]  Though their motion does discuss why the respondents believe Shinwari's humanitarian parole distinguishes his case from other rulings by this Court, Doc. No. 38 at 3–4, the same argument was advanced thoughtfully and specifically by the respondents in their original answer, Doc. No. 8 at 3–6, 10–14.  The Court considered it, and the Court rejected it.  Nothing in the respondents' papers undermines the Court's determination that, by the time of his arrest, Shinwari had acquired a constitutional right to due process in excess of that which is afforded a person detained upon attempting to cross the border without authorization.  See Doc. No. 37 at 6 (emphasizing connections established by Shinwari after moving his family here with

---

[3] There were at least three lawyers at the conference appearing on behalf of the respondents.

[4] The Court notes that the respondents have not made clear precisely what they seek in the event reconsideration were allowed.  They have not sought a stay of the Court's order granting a bond hearing, or of the IJ's subsequent ruling granting Shinwari bond (which Shinwari then paid to secure his release), nor have they otherwise asked the Court to revisit Shinwari's bond status at this time.  Despite having argued in this case that there is reason to believe Shinwari may pose a threat to national security, such that revocation of his parole was justified, the respondents do not consider this matter to be the type of "emergenc[y] involving the safety of human life or the protection of property" that they are authorized to pursue during a lapse in appropriations.  See Doc. No. 38 at 7 (quoting 31 U.S.C. § 1342).

advance permission); <u>cf.</u> <u>Dep't of Homeland Sec. v. Thuraissigiam</u>, 591 U.S. 103, 107 (2020)

(holding illegal entry and apprehension "just 25 yards from the border" resulted in "no

entitlement to procedural rights other than those afforded by statute" in contrast with "due

process rights" afforded noncitizens "who have established connections in this country");

<u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 27–35 (1st Cir. 2021) (analyzing noncitizen's procedural

protections in immigration-detention context by applying "three-part balancing test articulated in

<u>Mathews v. Eldridge</u>," 424 U.S. 319, 335 (1976)); <u>Romero v. Hyde</u>, 25-cv-11631-BEM, 2025

WL 2403827, at *9–13 (D. Mass. Aug. 19, 2025) (explaining why § 1225(b) reaches only arrests

made during "an examination" by immigration officers of noncitizens in "present-tense action"

of "trying to enter the country").

Given all this, the request to reconsider based on the absence of an amended answer or

further briefing by the respondents is DENIED.  Nonetheless, as to this last argument, the motion

is denied WITHOUT PREJUDICE to the extent the respondents seek an opportunity to submit

further briefing.  If they wish to renew the motion to reconsider and further brief the legal issues

bearing on Shinwari's entitlement to the bond hearing the Court ordered, they may do so

provided they comply with the following directives: 1) any renewed motion to reconsider by the

respondents must be filed no later than fourteen days after the restoration of funding to the

Department of Justice and the federal respondents; 2) any such motion must be accompanied by

the proposed memorandum of law the respondents wish the Court to consider in answer to the

amended petition and the legal issues bearing on Shinwari's entitlement to a bond hearing; 3) the

proposed memorandum shall be limited to twenty pages in length; 4) if, by the time the

respondents make these submissions, Shinwari's immigration status has changed (e.g., if his

petition for permanent residency has been approved or denied), the respondents shall notify the

Court of that fact in their motion or proposed memorandum; and 5) unless and until the Court orders otherwise, Shinwari need not respond to the motion or the proposed memorandum.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge