UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
ZIAULHAQ SHINWARI, )
)
    Petitioner, )
)
v. ) Civil No. 25-12021-LTS
)
PATRICIA HYDE et al., )
)
    Respondents. )
)

ORDER ON RENEWED MOTION FOR RECONSIDERATION (DOC. NO. 42)

December 4, 2025

SOROKIN, J.

    The respondents have renewed their request that the Court reconsider its prior Order allowing in part Ziaulhaq Shinwari's amended habeas petition.[1] The Court has reviewed the respondents' motion and the accompanying memorandum of law they propose in further opposition to Shinwari's amended petition, as well as its prior rulings in this case and both parties' previous submissions. Having considered all of that, the Court finds no response from Shinwari to the pending motion is necessary. The renewed motion (Doc. No. 42) is DENIED.

    <u>First</u>, the respondents essentially concede that what they seek is an improper advisory opinion from this Court. They "do not seek to reverse the immigration judge's bond order." Doc. No. 42 at 1. Instead, they merely "ask this Court to reconsider its findings and issue a new opinion" adopting different reasoning that distinguishes Shinwari's claim from others the Court

---

[1] In the prior Order, the sole remedy this Court awarded Shinwari required the respondents to provide him a bond hearing before an immigration judge. The respondents complied, such a hearing took place, the immigration judge permitted Shinwari's release on bond, and Shinwari paid the bond and secured his release pending the outcome of his removal proceedings.

has recently resolved.  Id.  The respondents make this request not because "a new opinion" will alter the legal rights or remedies of the parties to this case, but because they believe that "permitting the decision to stand as is on the record may impede Respondents' broader right to apply" the relevant detention statutes "as Congress intended."  Id. (citation modified).  That is not an appropriate basis for reconsideration.  Cf. Eves v. LePage, 927 F.3d 575, 590 (1st Cir. 2019) (cautioning that "federal courts should not issue . . . advisory opinions" that merely discuss whether past actions were right or wrong without resolving any live conflict between the parties); ACLU of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 54 (1st Cir. 2013) (emphasizing that court's role is limited to resolution of "immediate" or "real" controversy between parties); Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) (noting decision of single district judge does not bind any other district judge or even that judge in another case).

Second, the respondents continue to raise the same legal arguments they have presented, and this Court has reviewed, in earlier submissions, including their response to the original petition.  Those arguments, rehashed a third time now, do not merit reconsideration.  Nor has anything in the respondents' renewed request erased or meaningfully altered the fact that Shinwari's arrest occurred after the issuance of, and pursuant to, a warrant that cited 8 U.S.C. § 1226 as the authority for ICE's actions.  ICE's preparation, service, and execution of this document has legal consequences, including triggering the rights available to noncitizens arrested pursuant to § 1226.  Cf. DeAndrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (finding that where immigration authorities invoke mechanisms available under § 1226 rather than § 1225, they may not "turn back the clock" even where notice of expedited removal had also issued).

Finally, even if the Court were to reconsider its prior Order, disregard a duly issued and executed warrant of arrest invoking § 1226 (as the respondents urge), and conclude that § 1225(b) governed Shinwari's ongoing detention, the Court still would decline to alter the relief it ordered (something the respondents do not seek). As the respondents acknowledge in the proposed supplement to their opposition memorandum, another session of this Court presented with a claim by a petitioner in circumstances analogous to Shinwari's recently engaged in a lengthier written analysis than this Court did here but reached the same conclusion. See Rincon v. Hyde, No. 25-cv-12633-BEM, 2025 WL 3122784, at *1–10 (D. Mass. Nov. 7, 2025) (granting bond hearing upon finding noncitizen living in United States after grant of humanitarian parole had due process rights that foreclosed mandatory detention once parole was revoked). This Court disagrees with the respondents' characterization of that decision as lacking "specific findings" for "broad, undeveloped reasoning" that "fail[s] to engage with Congress's clear statutory intent." Doc. No. 42-1 at 9–10. To the contrary, Judge Murphy persuasively and carefully explored the legal landscape against which the claim before him arose and cogently explained reasoning that this Court would endorse and apply here.

Accordingly, the respondents' renewed motion to reconsider (Doc. No. 42) is DENIED. A separate judgment will issue.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge